BERNARD C. MADDEN et al., Respondents, v. CHARLES T. ATKINS, Individually and as President of New York Association No. 88 of Masters and Mates of the National Organization of Masters, Mates & Pilots of America, Inc., et al., Appellants.— In an action for an injunction to compel reinstatement to membership in defendant union, Local 88, and restoration of union privileges, and to recover damages for wages lost, the defendant Local 88 and defendant Atkins individually appeal from a judgment of the Supreme Court, Queens County, entered December 11, 1959, in favor of the plaintiffs, upon the decision of an Official Referee assessing damages against said defendants, following the remission of the action by the Court of Appeals to the Special Term for such purpose (*Madden* v. *Atkins*, 4 N Y 2d 283). Judgment reversed, without costs, and matter remitted to the Special Term for further proceedings not inconsistent herewith, unless within 20 days after the entry of the order hereon the parties stipulate to a modification of the judgment in the respects hereinafter indicated, in which event the judgment as so modified is affirmed, without costs. In our opinion, the Official Referee as the trier of the facts was justified in: (1) basing plaintiffs' loss of wages upon the average earnings in the industry; (2) including, as elements of the damages, subsistence pay at $10.50 a day, vacation pay and night mate wages lost; and (3) directing that payments be made to the Pension and Welfare Plan (cf. *Madden* v. *Atkins*, 8 A D 2d 974). However, while we are in accord with the theory of damages adopted by the Official Referee, we are of the opinion that certain allowances given plaintiffs and credits given defendants were erroneously computed. Plaintiffs were not entitled to vacation benefits before January 1, 1955, and the award for such benefits for the period prior thereto should be eliminated. The payment directed to be made to the Pension and Welfare Plan on behalf of plaintiff Di Pietrantonio should be reduced by the amount of the payments made to the Plan while he was employed on the Marine Progress. The credit allowed defendants for the value of the subsistence actually received by plaintiffs while at sea, during the period for which damages were assessed, should be increased, in the cases of plaintiffs Madden, Liddy and Di Pietrantonio, to reflect a value of $10.50 a day for such time as they may have been employed as officers. The credit to defendants for subsistence earned, for any time said plaintiffs were so employed, should be computed upon the same basis as the award to plaintiffs for subsistence lost. It also appears that sufficient credit for subsistence was not given for all the time that plaintiffs Madden and Liddy were at sea. If the parties can agree upon a recomputation of the

damages, with an appropriate reduction in the interest which has been allowed, in accordance with the foregoing, the judgment as so modified will be affirmed; otherwise the matter will be remitted to the Special Term for such recomputation on the basis of the evidence adduced before the Official Referee and such additional evidence as may be required by the Special Term and as the parties may be advised to present. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur. Settle order on five days' notice.